IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIELLE L. BACHORZ,** | : | CIVIL ACTION NO. 1:06-CV-0838 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **CHRISTOPHER M. SILVIO**, et al., | : | |
| **Defendants** | : | |

**O R D E R**

AND NOW, this 21st day of April, 2008, upon consideration of defendant's motion in limine (Doc. 55), which seeks to preclude plaintiff from offering evidence of: (1) defendant Officer Rosetti's conduct during police incidents that are unrelated to the instant action, or (2) rumors or gossip about Officer Rosetti, and it appearing that plaintiff does not intend to present any evidence relating to "any other incidents involving" Officer Rosetti or "rumors or gossip regarding Officer Rosetti" (see Doc. 78 at 1-2),[1] and that such evidence is irrelevant to the pending excessive force claim against Officer Rosetti, see FED. R. EVID. 401 (defining relevant evidence), 404 (prohibiting use of "[e]vidence of a person's character . . . for the purpose of proving action in conformity therewith on a particular occasion"), it

---

[1] Plaintiff notes that her intent not to introduce the aforementioned evidence is "subject to Defendant's testimony and cross examination." (Doc. 78 at 1-2.) The court will reserve ruling on the propriety of introducing such evidence for the limited purpose of impeachment until it becomes necessary during trial.

is hereby ORDERED that the motion in limine (Doc. 55) is GRANTED.[2]  Plaintiff is precluded from offering evidence of unrelated police incidents and/or rumors or gossip involving Officer Rosetti during plaintiff's case-in-chief.

       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2]  In her response, plaintiff also asserts that she believes that her official capacity claim against Officer Rosetti remains.  Plaintiff is mistaken.  When a § 1983 claim is asserted against a municipal employee in his or her official capacity, the real party in interest is the municipality itself.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985).  A municipality may be held liable under § 1983 only if the plaintiff can "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)).  By memorandum and order of court dated March 7, 2008 (Doc. 53), the court held that plaintiff had failed to offer sufficient evidence to establish that a policy or custom of the City of Harrisburg resulted in Officer Rosetti's alleged use of excessive force against her.  Accordingly, the court granted judgment in favor of defendants on all municipal liability *and* official capacity claims.  (See id. at 12-15.)