IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIELLE L. BACHORZ**, | : | CIVIL ACTION NO. 1:06-CV-0838 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **CHRISTOPHER M. SILVIO**, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 24th day of April, 2008, upon consideration of the pretrial memorandum submitted by defendant (Doc. 79), and the upcoming jury selection and trial on Monday, May 5, 2008 (see Doc. 41), and it appearing that defendant Rosetti asserts that he is entitled to qualified immunity[1] because he "acted

---

[1] Qualified immunity involves a two-step process:

In the first step, a court must address whether "the officer's conduct violated a constitutional right[.]"  In an excessive force case, whether there is a constitutional violation is "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard[.]"  The relevant inquiry is "the reasonableness of the officer's belief as to the appropriate level of force[,]" which "should be judged from [the officer's] on-scene perspective," and not in the "20/20 vision of hindsight."
\* \* \*
   "If, and only if, the court finds a violation of a constitutional right," the court moves to the second step of the analysis and asks whether immunity should nevertheless shield the officer from liability. The question at this second step is whether the right that was violated was clearly established, or, in other words, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." . . . [E]ven where reasonableness is a part of the inquiry for both the constitutional question and for qualified immunity, as it is in an excessive force case, the inquiries remain

appropriately and used minimal force to take Plaintiff into custody after Plaintiff attempted to interfere with the arrest of her brother, Shannon Mock[,] by climbing on his and S[e]rgeant Wetzel's back," (Doc. 79 at 12),[2] and that the question of "whether an officer made a reasonable mistake of law and is thus entitled to qualified immunity is a question of law that is properly answered by the court, not a jury," see Curley v. Klem, 499 F.3d 199, 211 (3d Cir. 2007), but that the jury should determine "disputed historical facts material to the qualified immunity question," see id. at 210; see also id. at 212 ("In spite of the . . . problem inherent in articulating specific questions to address factual issues, our most current precedent counsels that course."), and the court finding that there are disputed facts surrounding

---

> distinct. . . .
>
> Thus, the first step of the analysis addresses whether the force used by the officer was excessive . . . . This is not a question of immunity at all, but is instead the underlying question of whether there is even a wrong to be addressed in an analysis of immunity. The second step is the immunity analysis and addresses whether, if there was a wrong, such as the use of excessive force, the officer made a reasonable mistake about the legal constraints on his actions and should therefore be protected against suit.

Curley v. Klem, 499 F.3d 199, 206-07 (3d Cir. 2007) (citations omitted).

[2] With the exception of listing qualified immunity as a defense in his answer to the amended complaint (see Doc. 16 at 9), this is the first time defendant has raised the issue of qualified immunity. Therefore, the court will require further briefing on this issue.

defendant's interaction with plaintiff (see Doc. 53 at 3-5, 10-11),[3] it is hereby

ORDERED that:

1. On or before May 1, 2008, defendant shall file:

    a. Proposed special verdict questions regarding the disputed facts that are material to the court's qualified immunity analysis.

    b. A brief in support of his claim for qualified immunity, addressing under what factual circumstances defendant is entitled to qualified immunity in the instant action and citing to applicable and controlling case law for this proposition.

2. On or before May 1, 2008, plaintiff shall be permitted to file proposed special verdict questions regarding the disputed facts that are material to the court's qualified immunity analysis.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] Defendant states that the "undisputed facts establish that [he] is entitled to qualified immunity." (Doc. 79 at 13.) However, the undisputed facts submitted by the parties (see Doc. 80 at 2-5; see also Doc. 79 at 3) do not address the differing accounts of the events at issue submitted by the parties at the summary judgment stage. For example, plaintiff contends that she was merely a bystander and was not in any way blocking the officer's ability to handcuff her brother when defendant picked her up by the hair and belt and pushed her face first into the ground. (See Doc. 53 at 3-4.) To the contrary, defendant asserts that plaintiff physically interfered with the arrest of her brother and ignored instructions to stop interfering before he "locked her into an escort hold and directed her towards the ground." (See id. at 4-5.) Without resolution of the disputed facts, the court is unable to determine whether qualified immunity is appropriate in the instant action.